UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

--------------------------------------------------------

DESEAN J. OWENS,

                     Plaintiff,

         -against-

ORANGE COUNTY JAIL; IMAM MALIK KEDAR; E. COLBY,

                     Defendants.

22-CV-6487 (VB)

ORDER OF SERVICE

9/16/22

VINCENT L. BRICCETTI, United States District Judge:

Plaintiff, who is currently detained at the Orange County Jail, brings this *pro se* action under 42 U.S.C. § 1983, alleging that Defendant Imam Malik Kedar ("Imam Kedar") violated his rights under the Free Exercise Clause of the First Amendment. He also brings claims against Defendant E. Colby arising out of Plaintiff's grievance proceedings, as well as claims against Orange County Jail, presumably concerning the claims against Kedar and Colby. By order dated September 6, 2022, Chief Judge Laura Taylor Swain granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees.[1]

As set forth below, the Court (1) dismisses the claims brought against the Orange County Jail because it does not have the capacity to be sued; (2) substitutes Orange County as a defendant, under Fed. R. Civ. P. 21; (3) directs service of summonses on Defendants Imam Kedar and Orange County; and (4) dismisses the claims brought against Colby for failure to state a claim on which relief may be granted.

---

[1]     Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed *in forma pauperis*. See 28 U.S.C. § 1915(b)(1).

## STANDARD OF REVIEW

The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id.* at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

## DISCUSSION

### A.   Orange County Jail Cannot Be Sued

Plaintiff's claims against the Orange County Jail must be dismissed because city agencies or departments do not have the capacity to be sued under New York law. *See Omnipoint Commc'ns, Inc. v. Town of LaGrange*, 658 F. Supp. 2d 539, 552 (S.D.N.Y. 2009) ("In New York, agencies of a municipality are not suable entities."); *Hall v. City of White Plains*, 185 F. Supp. 2d 293, 303 (S.D.N.Y. 2002) ("Under New York law, departments which are merely administrative arms of a municipality do not have a legal identity separate and apart from the municipality and

2

cannot sue or be sued."); *see also* N.Y. Gen. Mun. Law § 2 ("The term 'municipal corporation,' as used in this chapter, includes only a county, town, city and village.").

**B.     Orange County Is Substituted as a Defendant**

In light of Plaintiff's *pro se* status and clear intention to assert claims against Orange County, the Court construes the complaint as asserting claims against Orange County, and directs the Clerk of Court to amend the caption of this action to replace the Orange County Jail with Orange County. *See* Fed. R. Civ. P. 21. This amendment is without prejudice to any defenses Orange County may wish to assert.

**C.     Order of Service on Imam Kedar and Orange County**

Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the Court and the U.S. Marshals Service to effect service.[2] *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP)).

To allow Plaintiff to effect service on Defendants Imam Kedar and Orange County through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for these Defendants. The Clerk of Court is further instructed to issue summonses and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon Defendants.

---

[2]     Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that a summons be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served summonses and the complaint until the Court reviewed the complaint and ordered that summonses be issued. The Court therefore extends the time to serve until 90 days after the date summonses are issued.

If the complaint is not served within 90 days after the date the summonses are issued, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service).

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

### D. Plaintiff's Claims Arising from His Grievance Proceedings Fail to State a Claim

Plaintiff names as a defendant "E. Colby," a grievance coordinator, who either denied Plaintiff's grievance or his appeal. Plaintiff does not provide any additional facts regarding this claim. The Court construes the allegations, however, as asserting a procedural due process claim under the Fourteenth Amendment.

The Due Process Clause "protect[s] a substantive interest to which [an] individual has a legitimate claim of entitlement." *Holcomb v. Lykens*, 337 F.3d 217, 224 (2d Cir. 2003) (quoting *Olim v. Wakinekona*, 461 U.S. 238, 250 (1983) (internal quotation marks omitted, alterations added).

While some "state laws may in certain circumstances create a constitutionally protected entitlement to substantive liberty interests, state statutes do not create federally protected due process entitlements to specific state-mandated procedures." *Id.* (citations omitted). Thus, prison grievance programs, which are created by state and municipal regulations, are not protected under the United States Constitution. *See Hayes v. Cnty. of Sullivan*, 853 F. Supp. 2d 400, 434 (S.D.N.Y. 2012) (collecting cases); *Roseboro v. Gillespie*, 791 F. Supp. 2d 353, 380 (S.D.N.Y. 2011) (noting that prisoners do not have a "constitutional right to a prison grievance procedure or to have his grievances investigated") (internal quotation marks and citation omitted). Put simply, if a correction officer fails to comply with the state procedural requirements of a grievance

4

program, that failure does not give rise to a due process claim under the Constitution. *See, e.g., Brown v. Graham*, 470 F. App'x 11, 2011 WL 933993, *1 (2d Cir. Mar. 21, 2012) (noting that, where prison officials failed to comply with state grievance procedure, a plaintiff cannot state a claim that he "was deprived of any substantive liberty interest"); *Torres v. Mazzuca*, 246 F. Supp. 2d 334, 342 (S.D.N.Y. 2003) (finding that "correction officers' failure to properly address [the prisoner's] grievances by conducting a thorough investigation to his satisfaction does not create a cause of action for denial of due process because [the prisoner] was not deprived of a protected liberty interest").

Here, Plaintiff cannot assert a claim arising from his grievance proceedings because any failure to comply with the grievance program fails to state a due process claim. Plaintiff therefore fails to state a viable due process claim, and the Court dismisses this claim for failure to state a claim on which relief can be granted.[3] *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

## CONCLUSION

The Court dismisses Plaintiff's claims against Orange County Jail because it does not have the capacity to be sued. The Clerk of Court is directed to add Orange County as a Defendant under Fed. R. Civ. P. 21.

The Clerk of Court is further instructed to issue summonses for Orange County and Imam Kedar, complete the USM-285 forms with the addresses for these defendants, and deliver all documents necessary to effect service to the U.S. Marshals Service.

The Court dismisses Plaintiff's claims against E. Colby for failure to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

---

[3] If Plaintiff was dissatisfied with the decision of the grievance coordinator, the procedure to challenge that decision is set forth in the Orange County Sheriff's Office General Policy. *See* Grievance Policy § II (A)(8)-(12).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

Chambers will mail a copy of this Order to plaintiff at the address on the docket.

SO ORDERED.

Dated: September 16, 2022
White Plains, New York

_____
VINCENT L. BRICCETTI
United States District Judge

## DEFENDANTS AND SERVICE ADDRESSES

1. Orange County
   Office of the Orange County Attorney
   Orange County Government Center
   225 Main Street
   Goshen, NY 10924

2. Imam Malik Kedar
   Orange County Jail
   100 Wells Farm Road
   Goshen, NY 10924