UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
DESEAN J. OWENS,
          Plaintiff,

v.

IMAM MALIK KEDAR and ORANGE
COUNTY,
          Defendants.
-----------------------------------------------------------x

**ORDER**

22 CV 6487 (VB)

1/26/24

Copies Mailed/Faxed 1/26/24
Chambers of Vincent L. Briccetti

    Plaintiff, who is proceeding pro se and in forma pauperis, brings claims under 42 U.S.C. § 1983 for violations of his constitutional rights. (Doc. #1).

    On September 16, 2022, the Court entered an Order of Service directing the U.S. Marshals Service to serve process on defendants Kedar and Orange County. (Doc. #7).

    On December 16, 2022, the U.S. Marshals Service docketed a Return of Service Unexecuted form as to Kedar. (Doc. #10). On January 3, 2023, Orange County provided a new service address for Kedar. (Doc. #16).

    On January 5, 2023, the Court issued an Amended Order of Service ordering the Marshals Service to effectuate service upon Kedar at the new address. (Doc. #20). The January 5 Order extended plaintiff's deadline pursuant to Fed. R. Civ. P. 4(m) to serve Kedar to April 25, 2023, and was mailed to plaintiff at the address on the docket.

    On May 1, 2023, the docket indicated Kedar had not been served, and plaintiff had not requested an extension of time to do so. Accordingly, the Court sua sponte extended plaintiff's deadline to serve Kedar pursuant to Fed. R. Civ. P. 4(m) to June 30, 2023. (Doc. # 22). The May 1 Order directed plaintiff to request an extension of time to serve Kedar if the Marshals Service did not complete service by the June 30 deadline.

1

On July 6, 2023, because Kedar had still not been served, and plaintiff had not requested an extension of time to do so, the Court again sua sponte extended to plaintiff's deadline to serve defendant Kedar pursuant to Fed. R. Civ. P. 4(m) to September 5, 2023. (Doc. #23).

On September 6, 2023, the Marshals Service docketed a Return of Service Unexecuted form as to Kedar, noting that two failed attempts to serve him had been made on August 29 and 30, 2023. (Doc. #24).

On September 20, 2023, the Court ordered defendant Orange County to submit a letter informing the Court whether it would accept service on behalf of Kedar or providing an address where Kedar may be served. The Court again sua sponte extended plaintiff's deadline to serve defendant Kedar pursuant to Fed. R. Civ. P. 4(m) to October 20, 2023. (Doc. #25).

On September 25, 2023, defendant Orange County submitted a letter to the Court explaining that it would not accept service on behalf of defendant Kedar because Kedar is an independent contractor for the County. Orange County did not have another address to provide to the Court, but suggested that his name is Kedar Abdul-Malik, not Malik Kedar. (Doc. #26).

That same day, the Court ordered the Marshals Service to attempt service at the same address using the correct name. The Court sua sponte extended plaintiff's deadline to serve defendant Kedar pursuant to Fed. R. Civ. P. 4(m) to November 6, 2023. (Doc. #28).

On November 7, 2023, the Court again sua sponte extended plaintiff's deadline to serve defendant Kedar pursuant to Fed. R. Civ. P. 4(m) to December 5, 2023. (Doc. #29).

On December 6, 2023, the Court again sua sponte extended plaintiff's deadline to serve defendant Kedar pursuant to Fed. R. Civ. P. 4(m) to February 5, 2024. (Doc. #31).

On January 19, 2024, he Marshals Service docketed a Return of Service Unexecuted form as to Kedar, noting that the property manager of the building where Kedar was to be served indicated Kedar moved out approximately eighteen months ago.  (Doc. #32).

Accordingly, it is HEREBY ORDERED:

1. Plaintiff's deadline pursuant to Fed. R. Civ. P. 4(m) to serve defendant Kedar is sua sponte extended to March 25, 2024.

2. By February 8, 2024, defendant Orange County is directed to submit a letter providing the Court with:  (i) the name of the organization the County uses to hire individual contractors like Kedar; and (ii) if no such organization exists, the address associated with how Kedar receives or received payment from the County for his services.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore in forma pauperis status is denied for the purposes of an appeal.  Cf. Coppedge v. United States, 369 U.S. 438, 444–45 (1962).

Chambers will mail a copy of this Order to plaintiff at the address on the docket.

Dated: January 26, 2024
      White Plains, NY

SO ORDERED:

_____
Vincent L. Briccetti
United States District Judge