Copy mailed by Chambers 11/14/24 DH

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DESEAN J. OWENS,
Plaintiff,
v.

IMAM KEDAR ABDUL MALIK and ORANGE COUNTY,
Defendants.

**OPINION AND ORDER**

22 CV 6487 (VB)

Briccetti, J.:

Plaintiff DeSean J. Owens, proceeding pro se and in forma pauperis, brings this Section 1983 action against defendants Imam Kedar Abdul Malik,[1] also proceeding pro se, and Orange County (the "County"). Plaintiff alleges defendants violated his First Amendment right to free exercise of religion and his Eighth Amendment protection against cruel and unusual punishment when they prevented him from participating in Ramadan celebrations while incarcerated at the Orange County Jail ("OCJ") in Goshen, New York.

Now pending are Malik's and Orange County's separate motions to dismiss pursuant to Rule 12(b)(6). (Docs. ##40, 48).[2]

For the reasons set forth below, the motions are GRANTED. However, the Court grants plaintiff leave to replead his claims as discussed in Part IV below.

The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

1 Defendant Malik was incorrectly sued herein as "Malik Kedar."

2 Orange County previously moved for dismissal under Rule 12(b)(6) (Doc. #12), but, in the interest of efficient case management, the Court denied that motion without prejudice to renewal after Malik had been served (Doc. #20).

## BACKGROUND

For the purpose of ruling on the motions to dismiss, the Court accepts as true all well-pleaded factual allegations in the complaint and certain factual allegations in plaintiff's opposition,[3] and draws all reasonable inferences in plaintiff's favor, as summarized below.

In the relevant period of March 30 to May 1, 2022, plaintiff alleges he was incarcerated at OCJ, where Malik served as an imam. Plaintiff, a member of the Nation of Islam, allegedly submitted paperwork requesting he be allowed to participate in the upcoming Ramadan celebrations. According to plaintiff, on March 30, 2022, Malik spoke to plaintiff by telephone about that request. Plaintiff asserts he told Malik he had celebrated Ramadan every year since 2015, and he intended to continue celebrating the holiday in 2022. Malik then allegedly informed plaintiff he intended to interview plaintiff to "determine whether or not [plaintiff] was truly a Muslim." (Doc. #1 ("Compl.") at 4). Plaintiff claims he responded that, according to the Quran, "only Allah himself may judge a person[']s worthiness as a Muslim and that under the 1st Amendment of the United States Constitution, I have the right to practice and participate in any religion of my choosing." (Id.).

After this conversation, plaintiff alleges Malik refused to allow him to participate in the Ramadan celebrations. Plaintiff claims he attempted to overturn Malik's decision through OCJ's

---

3 When "evaluating the legal sufficiency of a pro se plaintiff's claims" on a motion to dismiss, courts may consider factual allegations in the plaintiff's opposition to the extent those allegations "are consistent with those contained in the complaint." Vlad-Berindan v. MTA N.Y.C. Transit, 2014 WL 6982929, at *6 (S.D.N.Y. Dec. 10, 2014) (collecting cases).

Plaintiff and Malik will be provided copies of all unpublished opinions cited in this decision. See Lebron v. Sanders, 557 F.3d 76, 79 (2d Cir. 2009) (per curiam).

Unless otherwise indicated, case quotations omit all internal citations, quotations, footnotes, and alterations.

internal grievance process, without success, and then appealed the issue to the Chief Administrative Officer but was denied.

As a result of defendants' conduct, plaintiff alleges he suffered starvation, malnourishment, and emotional and spiritual distress.

**DISCUSSION**

I. Standard of Review

In deciding a Rule 12(b)(6) motion, the Court evaluates the sufficiency of the operative complaint under "the two-pronged approach" articulated by the Supreme Court in Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009). First, a plaintiff's legal conclusions and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not entitled to the assumption of truth and are thus not sufficient to withstand a motion to dismiss. Id. at 678; Hayden v. Paterson, 594 F.3d 150, 161 (2d Cir. 2010). Second, "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Ashcroft v. Iqbal, 556 U.S. at 679.

To survive a Rule 12(b)(6) motion, the allegations in the complaint must meet a standard of "plausibility." Ashcroft v. Iqbal, 556 U.S. at 678; Bell Atl. Corp. v. Twombly, 550 U.S. 544, 557 (2007). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. at 678. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. (quoting Bell Atl. Corp. v. Twombly, 550 U.S. at 556).

Moreover, the Court must liberally construe submissions of pro se litigants and interpret them "to raise the strongest arguments that they suggest." Triestman v. Fed. Bureau of Prisons,

470 F.3d 471, 474 (2d Cir. 2006) (per curiam) (collecting cases). This mandate applies equally to both plaintiffs and defendants proceeding pro se. Id. Applying the pleading rules permissively is particularly appropriate when, as here, a pro se litigant alleges civil rights violations. Sealed Plaintiff v. Sealed Defendant, 537 F.3d 185, 191 (2d Cir. 2008). "Even in a pro se case, however, . . . threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Chavis v. Chappius, 618 F.3d 162, 170 (2d Cir. 2010). Nor may the Court "invent factual allegations" a plaintiff has not pleaded. Id.

II. Claims Against Malik

Fairly construed, Malik argues plaintiff's Section 1983 claim against him must be dismissed because plaintiff has not alleged Malik, a private party who ministered at OCJ as an independent contractor, acted under color of state law.

The Court agrees.

To state a claim under Section 1983, a plaintiff must allege both that: (i) a right secured by the Constitution or laws of the United States was violated, and (ii) the right was violated by a state actor or private party acting under the color of state law. West v. Atkins, 487 U.S. 42, 48–49 (1988). A claim for relief under Section 1983 must allege facts showing each defendant acted under the color of a "statute, ordinance, regulation, custom, or usage." 42 U.S.C. § 1983.

A private entity's acts are understood to have been conducted "under color of state law" in three circumstances:

> (1) the entity acts pursuant to the "coercive power" of the state or is "controlled" by the state ("the compulsion test"); (2) when the state provides "significant encouragement" to the entity, the entity is a "willful participant in joint activity with the state," or the entity's functions are "entwined" with state policies ("the joint action test" or "close nexus test"); or (3) when the entity "has been delegated a public function by the state," ("the public function test").

Sybalski v. Indep. Grp. Home Living Program, Inc., 546 F.3d 255, 257 (2d Cir. 2008) (per curiam) (quoting Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n, 531 U.S. 288, 296 (2001)). In analyzing whether a private party acts under color of state law for purposes of Section 1983, the Court analyzes the specific conduct of which a plaintiff complains, "rather than the general characteristics" of the party. See Fabrikant v. French, 691 F.3d 193, 207 (2d Cir. 2012).

Plaintiff has not alleged any facts suggesting Malik's acts meet the compulsion test or the public function test, as he has not alleged Malik acted pursuant to the "coercive power" of the state or was "controlled" by the state, or that Malik was "delegated a public function by the state." Sybalski v. Indep. Grp. Home Living Program, Inc., 546 F.3d at 257.

At most, plaintiff's complaint could be construed to suggest Malik's actions meet the joint action or close nexus test. Joint activity is typically understood to be a "plan, prearrangement, conspiracy, custom, or policy" between the state actor and the private entity. Ginsberg v. Healey Car & Truck Leasing, Inc., 189 F.3d 268, 272 (2d Cir. 1999). "Even a pro se plaintiff must allege some factual basis to substantiate his conclusion that defendants conspired together to deprive him of his constitutionally protected interests." Hooks v. City of New York, 2022 WL 16964010, at *10 (S.D.N.Y. Nov. 16, 2022).

However, the complaint is "devoid of any allegations suggesting" Malik and Orange County "acted in concert to" prevent plaintiff from celebrating Ramadan. Hooks v. City of New York, 2022 WL 19694010, at *10.[4] Even construed liberally, plaintiff's only factual allegation

[4] Because plaintiff alleges Malik was the primary actor in barring him from participating in celebrating Ramadan, plaintiff's complaint is best construed as advancing a straightforward Section 1983 claim—and not a Section 1983 conspiracy claim. See Betts v. Shearman, 751 F.3d 78, 84 n.1 (2d Cir. 2014). ("A Section 1983 conspiracy claim is distinct from one of joint action.").

directly involving the County is his assertion that OCJ personnel denied his grievance appealing Malik's decision. He does not allege Malik denied him access to Ramadan celebrations after conferring with, or following orders from, OCJ officials. By failing to allege any "plan, prearrangement, conspiracy, custom, or policy" between Malik and the County, plaintiff has not adequately alleged a Section 1983 claim. Ginsberg v. Healey Car & Truck Leasing, Inc., 189 F.3d at 272.

Moreover, to the extent plaintiff alludes to joint action through rhetorical questions in his opposition, "rhetorical questions are not factual allegations." Orlando v. Nxt-ID Inc., 2022 WL 976875, at *8 (S.D.N.Y. Mar. 31, 2022). As discussed further below, plaintiff will have an opportunity to amend his complaint so as to sufficiently allege joint action between Malik and the County.

Accordingly, plaintiff's Section 1983 claims against Malik must be dismissed.

III. Claims Against Orange County

The County argues plaintiff's Section 1983 claims against it must be dismissed because he has not demonstrated the existence of an unconstitutional municipal policy, practice, or custom, pursuant to Monell v. Department of Social Services, 436 U.S. 658 (1978) ("Monell").

The Court agrees.

Under Monell, a municipality is liable under Section 1983 only "when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the [plaintiff's] injury." 436 U.S. at 694. Thus, to assert a Section 1983 claim against a municipality, a plaintiff must allege the existence of an official policy or custom causing injury and a direct causal connection between the policy

or custom and deprivation of a constitutional right. Jones v. Town of East Haven, 691 F.3d 72, 80–81 (2d Cir. 2012).

A plaintiff may satisfy the "policy or custom" requirement by alleging one of the following: (i) "a formal policy officially endorsed by the municipality"; (ii) "actions taken by government officials responsible for establishing the municipal policies that caused the particular deprivation in question"; (iii) "a practice so consistent and widespread that, although not expressly authorized, constitutes a custom or usage of which a supervising policy-maker must have been aware"; or (iv) "a failure by policymakers to provide adequate training or supervision to subordinates to such an extent that it amounts to deliberate indifference to the rights of those who come into contact with the municipal employees." Brandon v. City of New York, 705 F. Supp. 2d 261, 276–77 (S.D.N.Y. 2010).

To adequately plead a policy or custom, a plaintiff must allege more than one instance of a constitutional violation. See DeCarlo v. Fry, 141 F.3d 56, 61 (2d Cir. 1988) ("[A] single incident alleged in a complaint, especially if it involved only actors below the policy-making level, does not suffice to show a municipal policy."). A plaintiff typically must also adequately plead similar incidents involving others. See, e.g., Iacovangelo v. Corr. Med. Care, Inc., 624 F. App'x 10, 14 (2d Cir. 2015) (summary order) (affirming dismissal of a Monell claim and noting, "other than the plaintiff, the amended complaint provides only one additional example of a similar incident").

"While Monell claims are not subject to a heightened pleading standard beyond that defined in Rule 8(a)(2), . . . boilerplate allegations will not suffice." Guzman v. United States, 2013 WL 5018553, at *3–4 (S.D.N.Y. Sept. 13, 2013). "The allegations that [a defendant] acted pursuant to a 'policy,' without any facts suggesting the policy's existence, are plainly

insufficient." Missel v. County of Monroe, 351 F. App'x 543, 545 (2d Cir. 2009) (summary order).

Here, the complaint contains no allegations suggesting plaintiff was injured by a County policy, official or unofficial. Plaintiff also fails to plead any similar incidents of interference with First Amendment or Eighth Amendment rights caused by OCJ or the County at large. See Dumel v. Westchester County, 2021 WL 738365, at *5 (S.D.N.Y. Feb. 25, 2021) ("This failure dooms Plaintiff's [Monell] claim because a custom or policy cannot be shown by pointing to a single instance of unconstitutional conduct."). Further, plaintiff pleads no facts to suggest a "direct causal connection" between a County policy and his alleged injuries. Jones v. Town of East Haven, 691 F.3d at 80–81.

Accordingly, plaintiff's Section 1983 claims against Orange County must be dismissed.

## IV. Leave to Amend

The Court will, however, allow plaintiff leave to amend his complaint with respect to his claims against both Malik and the County.

Federal Rule of Civil Procedure 15(a)(2) instructs courts to "freely give leave" to amend a complaint "when justice so requires." Liberal application of Rule 15 is warranted with respect to pro se litigants, who "should be afforded every reasonable opportunity to demonstrate that [they have] a valid claim." Matima v. Celli, 228 F.3d 68, 81 (2d Cir. 2000). Thus, district courts "should not dismiss [pro se complaints] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000) (quoting Gomez v. USAA Fed. Sav. Bank, 171 F.3d 794, 795 (2d Cir. 1999)). But "a futile request to replead should be denied." Id.

Here, plaintiff's claims against Malik fail because plaintiff does not make any particularized factual allegations about whether Malik acted jointly with—or at the direction of—state actors. Similarly, plaintiff's claims against Orange County fail because he does not identify a specific custom or policy leading to the violation of his First or Eighth Amendment rights. Nor does he identify any instances in which such policies violated the First or Eighth Amendment rights of other individuals incarcerated at OCJ. As such, the Court finds plaintiff has merely "inadequately or inartfully pleaded" his claims and therefore should "be given a chance to reframe" them. Cuoco v. Moritsugu, 222 F.3d at 112.

Accordingly, the Court grants plaintiff leave to file an amended complaint respecting these claims.

Plaintiff is reminded that any and all factual allegations in the amended complaint must be true to the best of his knowledge, information, and belief. See Fed. R. Civ. P. 11(b)(3). Because the amended complaint will completely replace, not merely supplement, the complaint, plaintiff must include in the amended complaint all information necessary to state a claim.

## CONCLUSION

Defendant Malik's motion to dismiss is GRANTED.

Defendant Orange County's motion to dismiss is GRANTED.

Plaintiff is granted leave, should he wish to do so, to file an amended complaint, utilizing the amended complaint form attached hereto. By January 14, 2025, plaintiff shall file his amended complaint. If plaintiff does not file an amended complaint by January 14, 2025, the Court will enter judgment in defendants' favor and close this case.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore in forma pauperis status is denied for the purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444–45 (1962).

Chambers will mail a copy of this Opinion and Order, and all unpublished opinions cited herein, to plaintiff and to defendant Malik at their addresses on the docket.

The Clerk is instructed to terminate the motions. (Docs. ##40, 48).

Dated: November 14, 2024
White Plains, NY

SO ORDERED:

Vincent L. Briccetti
United States District Judge