UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
DESEAN J. OWENS,                                            :
                Plaintiff,                           :
v.                                                         :    **OPINION AND ORDER**
                                                           :
IMAM KEDAR ABDUL MALIK and                 :    22 CV 6487 (VB)
ORANGE COUNTY,                                             :
                Defendants.                      :
----------------------------------------------------------------x

Briccetti, J.:

Plaintiff DeSean J. Owens, proceeding pro se and in forma pauperis, brings this Section

1983 action against defendants Imam Kedar Abdul Malik, also proceeding pro se, and Orange

County (the "County"), alleging defendants violated his First Amendment right to free exercise

of religion and his Eighth Amendment protection against cruel and unusual punishment when

they prevented him from participating in Ramadan celebrations while he was incarcerated at the

Orange County Jail ("OCJ") in Goshen, New York.

Now pending are Malik's and the County's separate motions to dismiss the amended

complaint pursuant to Rule 12(b)(6).  (Docs. ##59, 62).[1]

For the reasons set forth below, the motions are GRANTED.

The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

---

[1]    Plaintiff did not oppose the motions to dismiss.  After plaintiff missed the first deadline, May 8, 2025, to file an opposition (Doc. #67), the Court sua sponte extended the deadline to June 23, 2025.  (Doc. #71).  After plaintiff missed that deadline, the Court on July 10, 2025, issued an order stating the motions were fully submitted.  (Doc. #72).  On September 15, 2025, the Court received a letter from plaintiff stating he had only recently received defendants' motions due to mail delivery problems at the institution where he was incarcerated.  As a result, the Court extended plaintiff's deadline to file an opposition to October 16, 2025.  Plaintiff failed to file an opposition.

1

**BACKGROUND**

For the purpose of ruling on the motions to dismiss, the Court accepts as true all well-pleaded factual allegations in the complaint and the amended complaint,[2] and draws all reasonable inferences in plaintiff's favor, as summarized below.

In the relevant period of March 30 to May 1, 2022, plaintiff was incarcerated at OCJ, where Malik served as an imam. During this time, plaintiff submitted the required paperwork to participate in the 2022 Ramadan celebrations at OCJ. According to plaintiff, a member of the Nation of Islam, he was previously on OCJ's list of Muslim inmates (the "Muslim Roster") and participated in Ramadan at OCJ in 2021. (Doc #57 ("Am. Compl.") at 4–5).

Plaintiff alleges he spoke to Malik over the phone on March 30, 2022. The alleged purpose of this call was to verify plaintiff's religious affiliation so plaintiff could be included on the Muslim Roster for 2022. Plaintiff says he informed Malik he had celebrated Ramadan annually since 2015. Malik allegedly told plaintiff he needed to ask plaintiff a question to "determine whether or not [plaintiff] was truly a Muslim." (Doc. #1 ("Compl.") at 4). Plaintiff responded that, according to the Quran, "only Allah himself may judge a person[']s worthiness

---

[2]     The amended complaint, which was filed after the Court granted plaintiff leave to amend following the dismissal of his original complaint, does not include all the factual allegations set forth in the original complaint. Because "pro se civil rights complaints should be read with generosity," when a pro se plaintiff omits facts in an amended complaint, which were pled in an original complaint, "[p]laintiff's original complaint must be given the benefit of incorporation." Flemming v. City of New York, 2014 WL 6769618 at *3 (S.D.N.Y. Nov. 26, 2014). Plaintiff's original and amended complaints will, therefore, be read together as if they were a single complaint.

Plaintiff and Malik will be provided copies of all unpublished opinions cited in this decision. See Lebron v. Sanders, 557 F.3d 76, 79 (2d Cir. 2009) (per curiam).

Unless otherwise indicated, case quotations omit all internal citations, quotations, footnotes, and alterations.

as a Muslim and that under the 1st Amendment of the United States Constitution[,] I have the right to practice and participate in any religion of my choosing." (Id.).

Plaintiff alleges, following this conversation, OCJ purposely excluded him from the Muslim Roster despite knowing he was a practicing Muslim, and denied him the ability to observe Ramadan during the relevant period. Plaintiff alleges Malik's assessment of plaintiff's religious status motivated OCJ's decision to leave plaintiff off the 2022 Muslim Roster. Plaintiff claims he attempted to overturn Malik's decision through OCJ's internal grievance process, without success, and then appealed the issue to the Chief Administrative Officer but his appeal was denied. Plaintiff alleges the denials of his grievance and subsequent appeal were a result of Malik's report to OCJ officials.

## DISCUSSION

I.    Standard of Review

In deciding a Rule 12(b)(6) motion, the Court evaluates the sufficiency of the operative complaint under "the two-pronged approach" articulated by the Supreme Court in Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009). First, a plaintiff's legal conclusions and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not entitled to the assumption of truth and are thus not sufficient to withstand a motion to dismiss. Id. at 678; Hayden v. Paterson, 594 F.3d 150, 161 (2d Cir. 2010). Second, "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Ashcroft v. Iqbal, 556 U.S. at 679.

To survive a Rule 12(b)(6) motion, the allegations in the complaint must meet a standard of "plausibility." Ashcroft v. Iqbal, 556 U.S. at 678; Bell Atl. Corp. v. Twombly, 550 U.S. 544, 557 (2007). A claim is facially plausible "when the plaintiff pleads factual content that allows

3

the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. at 678. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. (quoting Bell Atl. Corp. v. Twombly, 550 U.S. at 556).

The Court must liberally construe submissions of pro se litigants and interpret them "to raise the strongest arguments that they suggest." Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474 (2d Cir. 2006) (per curiam) (collecting cases). As both plaintiff and Malik are proceeding pro se, the Court will construe both of their submissions liberally.

Applying the pleading rules permissively is particularly appropriate when, as here, a pro se litigant alleges civil rights violations. Sealed Plaintiff v. Sealed Defendant, 537 F.3d 185, 191 (2d Cir. 2008). "Even in a pro se case, however, . . . threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Chavis v. Chappius, 618 F.3d 162, 170 (2d Cir. 2010). Nor may the Court "invent factual allegations" a plaintiff has not pleaded. Id. Courts are not required to construe even well-pleaded facts by a pro se plaintiff as true at the motion to dismiss stage if they are "fanciful." Gallop v. Cheney, 642 F.3d 364, 368 (2d Cir. 2011).

II.    Claims Against Imam Malik

Fairly construed, Malik argues plaintiff's Section 1983 claims against him must be dismissed because plaintiff did not allege Malik, a private party who ministered at OCJ as an independent contractor, acted under color of state law.

The Court agrees.

4

A.    Section 1983 Claim

To state a claim under Section 1983, a plaintiff must allege both that (i) a right secured by the Constitution or laws of the United States was violated, and (ii) the right was violated by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48–49 (1988). A claim for relief under Section 1983 must allege facts showing each defendant acted under the color of a "statute, ordinance, regulation, custom, or usage of any State." 42 U.S.C. § 1983.

Plaintiff alleges Malik was an employee of OCJ and, as such, was a state actor. Even without considering any of Malik's or the County's filings in opposition, the conclusion that Malik was not an employee of OCJ can be inferred from the fact that Malik is not represented by a County attorney in this action. (Doc. #59). Moreover, it is clear that Malik was an independent contractor at OCJ, not an OCJ employee. (Doc. #61). "The Court is not required to accept factual allegations that are demonstrably false." Werner v. Selene Fin., LLC, 2019 WL 1316465, at *2 n.6 (S.D.N.Y. Mar. 22, 2019). See also Gallop v. Cheney, 642 F.3d at 368 (court not required to accept clearly baseless allegations as true). Accordingly, the Court will treat Malik as a private party.

A private entity's acts are understood to have been conducted "under color of state law" in three circumstances:

> (1) the entity acts pursuant to the coercive power of the state or is controlled by the state ("the compulsion test"); (2) when the state provides significant encouragement to the entity, the entity is a willful participant in joint activity with the state, or the entity's functions are entwined with state policies ("the joint action test" or "close nexus test"); or (3) when the entity has been delegated a public function by the state, ("the public function test").

Sybalski v. Indep. Grp. Home Living Program, Inc., 546 F.3d 255, 257 (2d Cir. 2008). In analyzing whether a private party acts under color of state law in a Section 1983 action, the Court analyzes the specific conduct of which a plaintiff complains, "rather than the general

5

characteristics" of the party.  See Fabrikant v. French, 691 F.3d 193, 207 (2d Cir. 2012).

Plaintiff has not amended his pleadings to specify the theory under which he contends Malik

acted under color of state law.  And even under the liberal construction standard applied to pro se

litigants, Malik cannot be considered to have acted under color of state law under any of the

tests.

First, plaintiff has not alleged sufficient facts to show OCJ "controlled" Malik.  Plaintiff

claims Malik performed an advisory function in OCJ's Muslim Roster vetting process.  But he

does not allege Malik was controlled or influenced by OCJ to reach a certain conclusion in his

assessment of plaintiff's status as a Muslim.  According to the pleadings, OCJ based its

determination to exclude plaintiff from OCJ's 2022 Muslim Roster on Malik's assessment, not

the other way around.

Nor has plaintiff alleged sufficient facts to show Malik performed a public function.

Malik assessed plaintiff's religious identification for OCJ.  Assessing the religious identity of

individuals is not an activity traditionally within the province of exclusive state authority and,

thus, does not meet the "stringent" standard of the public function test.  Doe v. Harrison, 254

F.Supp.2d 338, 343 (S.D.N.Y. 2003); Florer v. Congregation Pidyon Shevuyim, N.A., 639 F.3d

916, 926 (9th Cir. 2011) (determining religious leaders were not engaged in state action when

they refused to recognize an inmate as Jewish because a prison chaplain is "not a state actor

when he engages in inherently ecclesiastical functions").

Finally, plaintiff has not alleged specific facts showing Malik and the County acted

pursuant to a scheme intended to deny him participation in OCJ's 2022 Ramadan celebrations or

otherwise that Malik acted under color of law.  To satisfy the "joint action test," plaintiff must

allege facts that Malik was "a willful participant in joint activity with the State or its agents" and

6

that "the two share[d] some common goal to violate the plaintiff's rights." Betts v. Shearman, 751 F.3d 78, 85 (2d Cir. 2014). Here, at most, the pleadings suggest Malik concluded plaintiff was not a practicing Muslim, which Orange County decision makers referred to as a post hoc justification in denying plaintiff's grievance and subsequent appeal. As a result, plaintiff has not plausibly alleged that Malik and the County acted together to prevent plaintiff from celebrating Ramadan or had a shared goal of violating his rights. Because "even a pro se plaintiff must allege some factual basis . . . that defendants conspired . . . to deprive him of his constitutionally protected interests" and such facts are absent here, plaintiff has failed to state a claim under the joint action or close nexus test. Hooks v. City of New York, 2022 WL 16964010, at *10 (S.D.N.Y. Nov. 16, 2022).

    B.    Section 1983 Conspiracy Claim

    The amended complaint can also be liberally construed to include a Section 1983 conspiracy claim against Malik. "A Section 1983 conspiracy claim is distinct from one of joint action." See Betts v. Shearman, 751 F.3d at 84 n.1. "To prove a Section 1983 conspiracy, a plaintiff must show: (1) an agreement between two or more state actors or between a state actor and a private entity; (2) to act in concert to inflict an unconstitutional injury; and (3) an overt act done in furtherance of that goal causing damages." Chamberlain v. City of White Plains, 986 F.Supp.2d 363, 387 (S.D.N.Y. 2013).

    But the original and amended complaints only hint at conspiracy in a conclusory manner. The amended complaint alleges the County stated "the Imam's assessment was the reason for" the denial of plaintiff's participation in Ramadan celebrations. (Am. Compl. at 4). Plaintiff does not assert either "an agreement" between Malik and any County official nor "an overt act done in furtherance" of an agreement. Chamberlain v. City of White Plains, 986 F.Supp.2d at 387.

7

Because plaintiff's complaints contain only conclusory allegations of a Section 1983 conspiracy and he fails to make out a prima facie Section 1983 conspiracy claim, his Section 1983 claims against Malik must be dismissed.

III.     Claims Against Orange County

The County argues plaintiff's Section 1983 claims against it must be dismissed because plaintiff has not sufficiently alleged the existence of an unconstitutional municipal policy, practice, or custom, pursuant to Monell v. Department of Social Services, 436 U.S. 658 (1978) ("Monell").

The Court agrees.

Under Monell, a municipality is liable under Section 1983 only "when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the [plaintiff's] injury."  436 U.S. at 694. Therefore, to assert a facially plausible Section 1983 claim against a municipality, a plaintiff must plead sufficient facts to show the "deprivation of rights occur[ed] pursuant to a governmental policy, custom, or usage [of the municipality]."  Cotto v.  City of New York, 803 F. App'x. 500, 503 (2d Cir. 2012).

To satisfy the "policy or custom" requirement, a plaintiff must allege one of the following (i) "a formal policy officially endorsed by the municipality"; (ii) "actions taken by government officials responsible for establishing the municipal policies that caused the particular deprivation in question"; (iii) "a practice so consistent and widespread that, although not expressly authorized, constitutes a custom or usage of which a supervising policy-maker must have been aware of"; or (iv) "a failure by policymakers to provide adequate training or supervision to subordinates to such an extent that it amounts to deliberate indifference to the

rights of those who come into contact with the municipal employees." Brandon v. City of New York, 705 F. Supp. 2d 261, 276–77 (S.D.N.Y. 2010).

"Monell claims are not subject to a heightened pleading standard beyond that defined in Rule 8(a)(2)" Guzman v. United States, 2013 WL 5018553, at *4 (S.D.N.Y. Sept. 13, 2013). Regardless, plaintiff's "boilerplate allegations will not suffice." Id. "The allegations that [a defendant] acted pursuant to a policy, without any facts suggesting the policy's existence, are plainly insufficient." Missel v. County of Monroe, 351 F. App'x 543, 545 (2d Cir. 2009).

Here, plaintiff has failed to satisfy Monell's "policy or custom" pleading requirement under any of the allowable methods. Brandon v. City of New York, 705 F. Supp. 2d at 276–77.

First, the facts, as pleaded, refer only to the County's denial of plaintiff's individual grievance and subsequent appeal. They are, thus, "devoid of any reference to anything that could be considered [the County's] policy or custom." Hayes v. Perotta, 751 F.Supp.2d 597, 601–02 (S.D.N.Y. 2010).

Second, plaintiff has not pleaded facts sufficient to allege a policy of deprivation. Thus, plaintiff cannot allege any actions by municipal officials, with a "direct causal link" to the alleged "deprivation of federal rights." Bd. of Comm'rs of Bryan Cnty. v. Brown, 520 U.S. 397, 404 (1997).

Third, plaintiff has not adequately alleged the County has a de facto policy or custom of federal rights deprivation. Although plaintiff alleges his initial exclusion from the Muslim Roster, the denial of his grievance, and appeal thereof amount to three separate instances of deprivation of his federal rights by the County, all three instances relate to a single underlying incident and, as such, are not so "persistent and widespread" as to constitute a County custom or de facto policy. Moray v. City of Yonkers, 924 F. Supp. 8, 12 (S.D.N.Y. 1996). Further,

because his pleadings make no reference to any deprivation of federal rights by the County with respect any other inmate, plaintiff has failed to "cit[e] to complaints in other cases that contain similar allegations," as can be used to show a municipal policy or custom. Buari v. City of New York, 530 F. Supp. 3d 356, 398–99 (S.D.N.Y. 2021) (collecting cases); DeCarlo v. Fry, 141 F.3d 56, 61 (2d. Cir. 1998). These limited and conclusory pleadings do not allege a "pattern of behavior" so widespread as to "constitute a custom or usage with the force of law." Cucuta v. City of New York, 25 F. Supp. 3d 400, 419 (S.D.N.Y. 2014); Dumel v. Westchester County, 2021 WL 738365, at *5 (S.D.N.Y. Feb. 25, 2021) ("This failure dooms [p]laintiff's [Monell] claims because a custom or policy cannot be shown by pointing to a single instance of unconstitutional conduct.").

Finally, plaintiff has not plausibly pleaded deliberate indifference under Monell. Plaintiff has not alleged any facts suggesting that a failure by the County to appropriately train or supervise OCJ officials led to the deprivation of rights he purportedly suffered. Likewise, plaintiff has not alleged any County official was on notice of "a pattern of misconduct" by any of their subordinates and failed to remedy the situation. Therefore, the facts as pleaded, even if true, do not compel "the conclusion that the [County] has acquiesced in or tacitly authorized" the deprivation of federal rights by County officials or their subordinates and plaintiff's deliberate indifference pleading is insufficient to state a claim in this case. Reynolds v. Giuliani, 506 F.3d 183, 192 (2d. Cir. 2007).

Accordingly, plaintiff's Section 1983 claims against Orange County must be dismissed.

10

## CONCLUSION

Defendant Malik's motion is GRANTED.

Defendant Orange County's motion is GRANTED.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore in forma pauperis status is denied for the purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444–45 (1962).

The Clerk is instructed to terminate the motions (Docs. ## 59, 62) and close this case.

Chambers will mail a copy of this Opinion and Order, and all unpublished opinions cited herein, to plaintiff and to defendant Malik at their addresses on the docket.

Dated: December 22, 2025
        White Plains, NY

SO ORDERED:

_____
Vincent L. Briccetti
United States District Judge

11